**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | 10-3066M-LOA |
| Plaintiff, | ) ) | **ORDER TO SHOW CAUSE** |
| vs. | ) ) | |
| Joseph D. Ladd, | ) ) | |
| Defendant. | ) ) ) | |

This matter arises on the Court's review of the file and independent legal research after Defendant's March 9, 2010 initial appearance.

## **BACKGROUND**

On Monday March 8, 2010, Defendant Joseph D. Ladd was arrested for Possession of Marijuana, a Class A misdemeanor, in violation of 21 U.S.C. § 844(a), for allegedly possessing marijuana on September 12, 2009, at a campsite in the Tonto Basin Ranger District, Tonto National Forest, in the District of Arizona. Rather than being arrested at the time of the alleged offense, Defendant was cited with a CVB Notice by the National Forest Ranger and released. (docket # 1) Apparently failing to respond to a notice to appear mailed to the address given by the Defendant and written on the CVB Notice, an arrest warrant was issued on December 22, 2009 for Defendant's arrest. At his March 9, 2010 initial appearance, counsel was appointed for Defendant because he is financially unable to obtain adequate representation. 18 U.S.C. § 3006A. Defendant is temporarily detained

pending completion of a Pretrial Services' Report. Today, a detention hearing and status hearing regarding preliminary hearing are scheduled for 4:30 p.m. before this Magistrate Judge.

## **STATEMENT OF LAW**

Federal Rule of Criminal Procedure 58(b)(1) provides the method by which the U.S. Attorney's Office may charge or try a misdemeanor case:

> Charging Document. The trial of a misdemeanor may proceed on an indictment, information, or complaint. The trial of a petty offense may also proceed on a citation or violation notice.

Rule 58(b)(1), FED.R.CRIM.P. This Class A misdemeanor, entitled "**Penalties for simple possession**," imposes a one year term of imprisonment as a maximum penalty, and a maximum $100,000 fine. 21 U.S.C. § 844(a) (emphasis in original); *United States v. Maes*, 2007 WL 1289811 (E.D.Cal. 2007) (citing 21 U.S.C. § 844(a)). Title 18 U.S.C. § 3559(a)(6) classifies the crime of simple possession of marijuana by its maximum penalty of "one year or less but more than six months, as a Class A misdemeanor[.]" Petty offenses, however, include Class B or C misdemeanors and infractions and are defined in 18 U.S.C. § 19 as follows:

> [T]he term "petty offense" means a Class B misdemeanor, a Class C misdemeanor, or an infraction, for which the maximum fine is no greater than the amount set forth for such an offense in section 3571(b)(6) or (7) in the case of an individual or section 3571(c)(6) or (7) in the case of an organization.

Title 18 U.S.C. § 19. Section 3571(b)(6) or (7) set maximum fines for Class B and C misdemeanors at $10,000.

Clearly, Possession of Marijuana, which exposes a defendant up to 12 months in prison, is not a petty offense. Although Rule 58(b) requires "[t]he trial" of a Class A misdemeanor to proceed by "indictment, information, or complaint[,]" it does not expressly prohibit charging a Class A misdemeanor by a CVB violation notice. Rule 58(b)(1), FED.R.CRIM.P.; *United States v. Dubiel*, 367 F.Supp.2d 822, 823 (D.Md. 2005) (discussing indictments, information, and citation/violation notices and holding that "the violation notice

1 sufficiently apprised the defendant of the charges brought against him such that he could
2 make an informed decision in entering a plea.").

**DISCUSSION**

In *Dubiel*, a remarkably similar case to this one, Defendant's motion to dismiss, which argued that Fed.R.Civ.P. 58 prohibits the crime of simple possession of a controlled substance, a Class A misdemeanor, from proceeding to final probation disposition on a violation notice was denied. There, the magistrate judge found that "[i]f th[e] violation notice is properly completed, including a statement of probable cause, it should provide essentially the same information, as an indictment, complaint or information and sufficient information for both the court and defense counsel to conduct a guilty plea proceeding." 367 F.Supp.2d at 825 (indicating the court's disagreement with defendant that this "crime must be charged by an information, complaint or indictment to accept a guilty plea. This argument fails because a violation notice may sufficiently describe the alleged offense such that the defendant is 'not prejudiced in his ability to defend against the charge.'" (citations omitted)).

On the Court's own motion,

**IT IS ORDERED** that the Government shall show cause in writing on or before **Friday, March 19, 2010** why this Court should not order the Government to proceed to trial in this case upon the filing of a timely indictment, information, or complaint as required by Rule 58(b)(1), FED.R.CRIM.P. Defendant may file a reply to the Government's Response to Order to Show Cause on or before **Monday**, **March 29, 2010**.

DATED this 10th day of March, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge